IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TYSON JAMES WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF GERALD, MISSOURI, | ) | NO.   4:10-CV-684 |
| | ) | |
| and | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY JURY** |
| RYAN McCRARY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SCOTT RAMSEY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILLIAM JAKOB, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

## INTRODUCTION

1. On April 24, 2008, Plaintiff was accosted by agents of the Gerald Police Department at gunpoint. Plaintiff was assaulted and battered without provocation. Plaintiff was handcuffed and detained, questioned and interrogated, denied the right to counsel, falsely imprisoned, and his property was seized and never returned. Each act was committed under color of law and without warrant, probable cause, or reasonable suspicion to believe that Plaintiff had committed any crime.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Section 1983, and 1988 and the, Fourth, Fifth, Sixth and Fourteenth Amendments to the United State Constitution. The Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. section 1343 and 28 U.S.C. Section 1331. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

## PARTIES

3. Plaintiff Tyson Williams is a citizen and resident of the City of Sullivan, Missouri, and the United States of America.

4. At all times referred to herein, Defendant City of Gerald, Missouri (hereinafter "City") is a municipal corporation, organized and existing in accordance with the State of Missouri.

5. At all times referred to herein, Defendant Ryan McCrary (hereinafter "Chief" or "McCrary") was the Chief of Police for the City of Gerald Police Department, and in such capacity was acting under color of law. Defendant McCrary is sued in his individual and official capacity.

6. At all times referred to herein, Defendant Scott Ramsey (hereinafter "Ramsey") was a Police Lieutenant, assistant Chief, and agent of Defendant City and its Police Department and in such capacity was acting under color of law. Defendant Ramsey is sued in his individual capacity.

7. At all times referred to herein, Defendant William A. Jakob (hereinafter "Jakob") was acting as an agent of Defendant City and its Police Department and in such capacity was acting under color of law. Defendant Jakob is sued in his individual capacity.

**FACTUAL ALLEGATIONS**

8. Defendant McCrary was the policymaker for the Gerald Police Department and/or otherwise participated in the promulgation of policy for the Gerald Police Department and was directly responsible for the implementation of the policy, customs, and practice of Officers and agents subordinate to him.

9. On or about April 24, 2008, Plaintiff arrived at 141 East Springfield, in Gerald, Missouri, the home of his sister.

10. When Plaintiff entered the garage he was forced to the garage floor by Defendants McCrary, Ramsey, and Jakob.

11. Defendants McCrary, Ramsey, and Jakob, arrested Plaintiff by pointing guns at Plaintiff's head and threatened him with deadly force by stating they would "blow your fucking head off". Plaintiff was handcuffed.

12. Defendant McCrary identified Defendant Jakob to Plaintiff as a "federal agent" when he knew or should have known that Defendant Jakob was not a law enforcement officer.

13. Defendant Jakob wore a badge identifying himself as a federal agent, and told Plaintiff he was assigned to the "Federal Drug Task Force".

14. Plaintiff relied on Defendant McCrary and Defendant Jakob's assertion of lawful authority over him.

15. Each Defendant, McCrary, Ramsey, and Jakob, searched Plaintiff and confiscated his coat, cell phone, and three-hundred dollars ($300.00) in U.S. currency. Plaintiff's property and money has not been returned as of the date of this filing and no lawful purpose or authority for the continued denial of access and use of his property exists.

16. There was no probable cause to believe Plaintiff had committed any crime.

17. Defendants McCrary, Ramsey, and Jakob, transported Plaintiff to the Gerald Police Department and detained him there against his will.

18. Plaintiff repeatedly requested an attorney. Thereafter, Defendants McCrary, Ramsey, and Jakob, repeatedly interrogated Plaintiff and repeatedly denied him access to counsel. While being interrogated, Defendants attempted to coerce Plaintiff and threatened him with criminal charges which had no basis in truth or fact.

19. Plaintiff was otherwise chained to a bench while he was not being questioned, in excess of 20 hours.

20. Defendant McCrary gave custody of Plaintiff to Defendant Jakob. Defendant Jakob told Plaintiff he was being taken to a "federal lockup" facility. Plaintiff was placed in a vehicle with Defendant Jakob. Defendant Jakob then ordered Plaintiff to remain under confinement by house arrest.

21. Plaintiff was required to contact Defendant Jakob by phone twice weekly during his confinement.

22. Defendant Jakob ordered Plaintiff not to contact counsel, or to report his detention to any other person, or to leave the confines of the home "even to get the mail" under threat of prison.

23. Plaintiff was confined against his will under this threat for nearly two weeks.

24. No warrant for the arrest and seizure of Plaintiff or his property issued, and Plaintiff was not charged with any crime.

25. The use of any force by any Defendant against Plaintiff was unlawful and excessive.

26. On July 10, 2008 Defendant Jakob was indicted on nineteen (19) counts of False Personation by a Federal Grand Jury in the Eastern district of Missouri, case number

4

4:08CR421.

27. On September 29, 2008 Defendant Jakob entered a plea of guilty in the Eastern District of Missouri to each of the nineteen (19) counts of False Personation, and other charges in case number 4:08CR421

## CAUSES OF ACTION

### COUNT I

### USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANTS McCRARY, RAMSEY AND JAKOB COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants McCrary, Ramsey, and Jakob, in Count I, Plaintiff states:

28. By this reference Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. Defendants McCrary, Ramsey, and Jakob, acting alone and/or together and in concert, did assault, batter, terrorize and/or otherwise brutalize Plaintiff as aforedescribed, or each failed to prevent the acts of others when they had the opportunity to do so, and thereby unreasonably seized Plaintiff and used excessive force against Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

30. As a direct and proximate result of the aforedescribed unlawful and malicious abuse of Plaintiff by Defendants McCrary, Ramsey, and Jakob, all committed under color of law, Plaintiff suffered fear of bodily harm and death. Plaintiff was fearful for his life as a result of the violent conduct and threats of Defendants McCrary, Ramsey, and Jakob and their immediate ability and willingness to "blow [his] fucking head off".

31. Plaintiff was threatened with death, and was deprived of his right to be free from the use of unreasonable and excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

32. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants as aforedescribed. Plaintiff's body was rendered weak, stiff, sore, and painful. The assault on Plaintiff at the hands of Defendant McCrary, Ramsey, and Jakob, caused Plaintiff to be fearful for his life and have caused Plaintiff pain of the mind as well as of the body, and fear, apprehension, depression, and consternation.

33. The acts of Defendants as aforedescribed were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually named Defendants.

34. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants McCrary, Ramsey, and Jakob, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### UNLAWFUL SEIZURE, ARREST, AND DETENTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANTS McCRARY, RAMSEY, AND JAKOB COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants McCrary, Ramsey, and Jakob, in Count II, Plaintiff states:

35. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. Defendants, acting alone and/or together and in concert, maliciously, and without reasonable grounds or probable cause, unlawfully arrested and detained Plaintiff or failed to prevent the unlawful arrest and detention when they had the opportunity to do so.

37. Defendants McCrary, Ramsey, and Jakob, detained Plaintiff against his will through the use of physical violence and excessive force, and the imminent threat of further violence, death, prosecution and imprisonment.

38. There was no lawful purpose or probable cause to arrest and detain Plaintiff against his will. Plaintiff was detained at the Gerald Police Department and chained to a bench for in excess of twenty (20) hours.

39. Plaintiff was later detained by house arrest for nearly two weeks.

40. The arrest and detention of Plaintiff were each in violation of Plaintiff's right to be free from unreasonable seizure secured by the Fourth and the Fourteenth Amendments to the United States Constitution.

41. As a direct and proximate result of Defendants' arrest and detention of Plaintiff as aforedescribed, Plaintiff has suffered fear and consternation, pain of the mind, and severe mental anguish.

42. The acts of Defendants were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually named Defendants.

43. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants McCrary, Ramsey, and Jakob, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III

### UNLAWFUL SEIZURE OF PROPERTY IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANTS McCRARY, RAMSEY, AND JAKOB COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants McCrary, Ramsey and Jakob, in Count III, Plaintiff states:

44. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. Defendants, acting alone and/ or together and in concert, maliciously, and without any cause or warrant or other legal process, unlawfully seized possession of Plaintiff's clothing, cell phone, and United States currency.

46. Defendants have intentionally failed and refused to return Plaintiff's property since it was unlawfully seized.

47. The continued and ongoing seizure of Plaintiff's property is in violation of Plaintiffs right to be free from unreasonable seizures secured by the Fourth and the Fourteenth Amendments to the United States Constitution.

48. As a direct and proximate result of Defendants' unlawful seizure, Plaintiff has been denied possession and the right to possess and use his property for nearly two years-to date.

49. The ongoing acts of Defendants are intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually named Defendants.

50. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants McCrary, Ramsey, and Jakob, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances, and the return of his property.

### COUNT IV

### UNLAWFUL DENIAL OF COUNSEL DURING REPEATED INTERROGATION IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANTS McCRARY, RAMSEY, AND JAKOB COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants McCrary, Ramsey and Jakob, in Count IV, Plaintiff states:

51. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. Defendants, acting alone and/ or together and in concert, maliciously, and without any cause repeatedly interrogated Plaintiff while he was in custody—after Plaintiff had repeatedly invoked his right to counsel.

53. Plaintiff was further denied his right to counsel when Defendant Jakob ordered him not to contact anyone during his confinement—especially an attorney—or face ten (10) years in prison.

54. Defendants McCrary, Ramsey and Jakob's intentional conduct and violation of law by denying counsel to Plaintiff was detrimental to Plaintiff in that it caused Plaintiff to be subjected to the coercive and tortuous conditions as aforedescribed—none of which would have been possible had Plaintiff been allowed to consult an attorney. Furthermore, the unlawful seizure and confiscation of Plaintiff property would have been averted.

55. As a direct and proximate result of Defendants' unlawful denial of the right to counsel, Plaintiff was subjected to repeated interrogations and continued and ongoing seizure of his person and property, he was chained to a bench in excess of twenty (20) hours, and he was later confined to house arrest.

56. The acts of Defendants were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually named Defendants.

57. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants McCrary, Ramsey, and Jakob, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT V

## CONSPIRACY TO VIOLATE J.N.'S CIVIL RIGHTS BY DEFENDANTS McCRARY, RAMSEY, AND JAKOB COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants McCrary, Ramsey, and Jakob, in Count V, Plaintiff states:

58. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. Defendant's McCrary, Ramsey, and Jakob, acting under color of law, conspired together, and reached a mutual understanding to undertake a course of conduct that violated Plaintiff's civil rights. In furtherance of this conspiracy, Defendants McCrary, Ramsey, and Jakob committed or caused the following overt acts:

   a. Each Defendant failed to intercede and prevent the unlawful arrest and detention of Plaintiff as aforedescribed, though they had the opportunity to prevent such actions. Said failure is tantamount to tacit authorization and approval of the unlawful arrest, detention, assault, and abuse of Plaintiff.

   b. Each Defendant acted individually and together and in concert with the others to deny Plaintiff his right to an attorney during questioning.

   c. Each Defendant acted individually and together and in concert with the others to deny Plaintiff possession and use of his property.

   d. Subsequent to the assault and seizure, each Defendant adhered to a code of silence and failed to report their own unlawful conduct, as well as that of the others.

   e. Each Defendant knew or should have known that Defendant Jakob was not a law enforcement officer and had no authority to arrest or otherwise detain citizens and deny them their freedom or property.

60. Defendant's McCrary, Ramsey, and Jakob, shared the general conspiratorial objective to arrest, detain, abuse, interrogate and deny counsel to Plaintiff as aforedescribed.

61. As a direct and proximate result of the conspiracy, Plaintiff was unreasonably arrested, seized, detained, and assaulted, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution which are protected by 42 U.S.C. Section 1983.

62. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants as aforedescribed, Plaintiff's body was rendered weak, stiff, sore, and painful. The armed assault on Plaintiff at the hands of Defendant's McCrary, Ramsey, and Jakob, caused Plaintiff to be fearful for his life. The injuries to his body and the great fear for his safety have caused Plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation.

63. The acts of Defendants were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling him to an award of punitive damages against each of them.

64. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

      WHEREFORE, Plaintiff prays for judgment against Defendant's McCrary, Ramsey, and Jakob, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VI

## FAILURE TO INSTRUCT, SUPERVISE, CONTROL AND DISCIPLINE DIRECTED AGAINST THE CITY OF GERALD COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant City of Gerald Missouri, in Count VI, Plaintiff states:

65. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 64 of this Complaint as though fully set forth herein.

66. There exists within the City of Gerald, Missouri policies or customs, practices and usages that are so pervasive that they constitute the policy of the Police Department and caused the constitutional deprivations suffered by Plaintiff as aforedescribed. The policies, customs, practices and usages that exist and that existed are:

   a. Allowing civilian non-law enforcement personnel to act as law enforcement agents.

   b. Searching, seizing, arresting, detaining, assaulting, and battering civilians in the absence of any warrant, reason, or probable cause to do so.

   c. Conducting custodial arrests and detaining citizens without warrants or probable cause and to fabricating facts to justify such conduct.

   d. Failing to minimally screen and scrutinize applicants for the City of Gerald Police Department, including the failure to conduct investigations of the background and history and psychological fitness for police duty of officers, or to comply with Missouri law in the licensure of Police Officers.

67. The City, and or Chief, is vested with the authority and has the duty to screen, train, supervise, discipline and otherwise control the officers of the City of Gerald Police Department.

68. The City, and or Chief, have failed to screen, train, supervise, discipline, and control the officers and agents of the City of Gerald Police Department and have failed to act in the face of transgressions of which the City knew or should have known.

69. As the lawfully designated policymaker for the City of Gerald Police Department, the Chief has the power and responsibility to prevent the existence of the policies and practices as aforedescribed and has failed utterly and refused to do so.

70. The Chief, Defendant McCrary, participated in the constitutionally violative conduct aforedescribed. As the policy maker for the City of Gerald Police Department, his unlawful and constitutionally violative conduct is the policy, custom, and practice of the City, and such conduct can be attributed to the City by and through him.

71. The failure of the City and/or Defendant McCrary, or each of them, to affirmatively act in the face of transgressions about which they know or should know, establishes the policy of the City of Gerald Police Department to condone and otherwise tolerate constitutionally violative conduct in general, and specifically the constitutionally violative conduct alleged in this complaint. Had the City and/or the Chief of Police or both of them affirmatively acted to properly screen and/or train the officers of the City of Gerald Police Department, properly supervise the officers, or discipline officers when they conducted themselves in constitutionally violative ways, the constitutional deprivation of the Plaintiff would not have occurred.

72. As a direct and proximate result of these failures, and as a direct and proximate result of the constitutional deprivations perpetrated by Defendant McCrary himself, Plaintiff suffered irreparable constitutional injuries, seizure of his person and continued confiscation of his property.

73. In their failures as aforedescribed, the City and the Chief of Police intentionally disregarded known facts or alternatively were deliberately indifferent to a risk of the constitutional violation of which they knew or should have known and their culpability caused the constitutional violations suffered by Plaintiff.

74. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. section 1988.

WHEREFORE, Plaintiff prays for judgment against Defendant City, for compensatory damages in an amount which is fair, just and reasonable under the circumstances, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VII

### ASSAULT AND BATTERY BY DEFENDANT McCRARY, RAMSEY, AND JAKOB, COGNIZABLE UNDER STATE LAW

For his cause of action against Defendants McCrary, Ramsey, and Jakob in Count VII, Plaintiff states:

75. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 74 of this Complaint as though fully set forth herein.

76. Defendants McCrary, Ramsey, and Jakob held guns to Plaintiffs head and threatened to "blow [his] fucking head off".

77. The acts of Defendants McCrary, Ramsey, and Jakob as aforedescribed were committed without just cause or any provocation, and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Plaintiff.

78. Any use of force against Plaintiff was unlawful, unreasonably excessive, and unconstitutional.

79. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants as aforedescribed. Plaintiff's body was rendered weak, stiff, sore, and painful. The assault on Plaintiff at the hands of Defendant McCrary, Ramsey, and Jakob, caused Plaintiff to be fearful for his life and have caused Plaintiff pain of the mind as well as of the body, and fear, apprehension, depression, and consternation.

80. The acts of Defendants as aforedescribed were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually named Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendant Jakob, for compensatory damages in an amount which is fair, just and reasonable under the circumstances, and for punitive damages, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VIII

## FALSE IMPRISONMENT DIRECTED AT WILLIAM JAKOB COGNIZABLE UNDER STATE LAW

For his cause of action against Defendant Jakob in Count VIII, Plaintiff states:

81. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 80 of this Complaint as though fully set forth herein.

82. Defendant Jakob confined Plaintiff against his will for a substantial period of time using threats, intimidation, and coercion to oppress and maintain fear of prosecution in Plaintiff, even though he had committed no crime.

83. Plaintiff believed he would be jailed for a decade or more if he contacted an attorney for advice and counsel, or left the confines of the home—even to check the mail.

84. The acts of Defendant Jakob as aforedescribed were committed without probable cause and with the intent to unlawfully restrain the defendant.

85. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendant Jakob as aforedescribed. Plaintiff's was denied his right to be free from unlawful confinement and has suffered pain of the mind, fear, apprehension, depression, and consternation.

86. The acts of Defendant Jakob as aforedescribed were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Jakob, for compensatory damages in an amount which is fair, just and reasonable under the circumstances, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

Respectfully submitted
This 24th day of April, 2010

**RYALS & BREED, P.C.**

By: */s/ John W. Bruzek*
John W. Bruzek EDMO# 5203567
3120 Locust Street
St. Louis, MO  63103
Tel.: (314) 862-6262
Fax: (314) 880-2027
E-mail: bruzek@rblawstl.com